**WO**                                                                                          TCK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Moreno Torres,   )<br>          Plaintiff,           )<br>vs.                                  )<br>                                         )<br>Joseph Arpaio, et al.,      )<br>          Defendants.       )<br>_____)   | No. CV 06-0944-PHX-MHM(GEE)<br><br>**ORDER TO SHOW CAUSE** |

This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates.[1] Plaintiff was formerly confined in the Maricopa County Jail Complex in Phoenix, Arizona. Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) ("Under the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). He applied to proceed *in forma pauperis* without *prepayment* of the fees. See Dkt. #1. His motion will be granted.

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion whether Plaintiff's lawsuit may result in an award of damages.

**JDDL**

Normally, after granting leave to proceed *in forma pauperis*, the Court orders the inmate's custodian to periodically withdraw funds from the inmate's account according to a statutory formula in 28 U.S.C. § 1915(b)(2) until the filing fee is paid in full. Plaintiff, however, no longer has an inmate trust account. Soon after filing his Complaint, the Court sent Plaintiff the Notice of Assignment in this action, which was returned to the Court as undeliverable because Plaintiff has been released from custody (Doc. #3). Consequently, the civil action filing fee is now due in full unless Plaintiff can show good cause within **thirty days** why he should not be required to pay it immediately.

To comply, Plaintiff must file a pleading entitled "Response." The response must be made under penalty of perjury. See 28 U.S.C. § 1746 (the oath requirement may be satisfied when a person declares under penalty of perjury that the submission is true and correct, and signs and dates the statement). Plaintiff must *either* (1) identify his date of release and promise to pay the filing fee within 120 days of the date of his release, or (2) show good cause why he should not be required to pay the fee within 120 days. If Plaintiff chooses to demonstrate good cause, he must describe his current financial condition in detail, including his sources of income, whether he is employed, and any liabilities he may have. Of course, Plaintiff may simply submit the filing fee in lieu of a response.

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992). In addition, until the method of collection of the filing fee is resolved, the Court will not screen his action under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's motion to proceed *in forma pauperis* (Dkt. #1) without *prepayment* of the civil action filing fee is **granted.**

(2) Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay the filing fee in full or to respond as described in this Order.

1  (3)  The Clerk of Court shall enter a judgment of dismissal of this action without
2  prejudice and without further notice if Plaintiff fails to comply.
3  DATED this 19th day of May, 2006.

_____
Mary H. Murguia
United States District Judge